# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 7, 2013

## TIMOTHY CHATMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 08-05905      W. Otis Higgs, Jr., Judge**

___

**No. W2012-01469-CCA-R3-PC  - Filed June 5, 2013**

___

The petitioner, Timothy Chatman, appeals the dismissal of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that his guilty pleas were knowing and voluntary and that he received effective assistance of trial counsel. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Sean H. Muizers (on appeal) and Jeffrey Odom (at hearing), Memphis, Tennessee, for the appellant, Timothy Chatman.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

Based on his participation with an accomplice in a robbery in which a victim was shot, the petitioner was indicted by the Shelby County Grand Jury with especially aggravated kidnapping, attempted second degree murder, aggravated robbery, and employing a firearm during the commission of a dangerous felony. On July 21, 2009, the petitioner pled guilty in the Shelby County Criminal Court to attempted second degree murder, a Class B felony, and employing a firearm during the commission of a dangerous felony, a Class C felony, in exchange for the dismissal of the other counts of the indictment and with sentencing to be

set by the trial court at a later date. On September 8, 2009, the trial court sentenced the petitioner as a Range I offender to consecutive terms of eight years for the attempted murder conviction and six years for the firearms conviction, for an effective sentence of fourteen years in the Department of Correction.

On February 1, 2010, the petitioner filed a *pro se* petition for post-conviction relief in which he raised claims of ineffective assistance of counsel and involuntary and unknowing guilty pleas. Post-conviction counsel was appointed, and an amended petition was filed on December 2, 2010, in which the petitioner alleged that his counsel was ineffective for failing to adequately communicate the consequences of his guilty pleas, which rendered them unknowing and involuntary.

At the evidentiary hearing, the petitioner testified trial counsel told him that he would lose at trial because his co-defendant was going to testify against him but never explained "what would have happened if [he] was going to win." The petitioner elaborated that counsel never discussed his chances at trial other than to tell him that he would lose, which was why the petitioner opted to plead guilty. The petitioner acknowledged on both direct and cross-examination that both trial counsel and the trial court explained his constitutional rights and his guilty pleas to him and that he had assured the trial court that it was his decision to plead guilty. However, at the time he entered his pleas, he was ignorant of the law and believed that he and his co-defendant would be pleading guilty to the same counts and would receive the same sentence. Since that time, he had learned that his co-defendant had pled guilty to robbery in exchange for a twelve-year sentence. The petitioner disagreed that his plea bargain was a "good deal" and expressed his belief that he would have fared better had he opted to go to trial:

> No, because at the time, my ignorance of the law, I was just going by what my attorney was saying. That was my first time ever being incarcerated. This is my first time ever being incarcerated and this is a lawyer that I'm paying for and my life's on the line, he's telling me that I can't win that trial. I have to go by what he is saying, because I don't want to go – I done thought about it and I probably should have took my shot at trial.

Trial counsel, who said that he had been practicing exclusively criminal law for the past twelve years, testified that the victim in the case had been prepared to testify that he was fleeing an altercation when the petitioner shot him twice. He said that as they neared the trial date, they learned that the co-defendant was also going to identify the petitioner as the shooter. He stated that he discussed with the petitioner the evidence the State had against him and explained the potential punishment he faced if convicted at trial. He said he told the petitioner that they had "a tough road to go" in light of the State's evidence and

recommended that the petitioner accept the plea offer in which the Class A felony would be dismissed, but he was fully prepared to try the case had the petitioner opted to proceed to trial. On cross-examination, he testified that he told the petitioner he would vigorously cross-examine the State's witnesses if the petitioner chose to go to trial. He said he told the petitioner that he was not commenting on the weight of the witnesses' testimony, but if the jury believed the witnesses, the petitioner was "done," whereas if the jury did not find them credible, they had "a shot."

On May 29, 2012, the post-conviction court entered an order dismissing the petition, finding that the proof, which included the guilty plea colloquy, made it "clear" that the petitioner's pleas were knowingly and voluntarily entered and that he received the effective assistance of trial counsel. Thereafter, the petitioner filed a timely appeal to this court.

## ANALYSIS

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2012). The petitioner bears the burden of proving factual allegations by clear and convincing evidence. Id. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006). When reviewing factual issues, the appellate court will not reweigh the evidence and will instead defer to the post-conviction court's findings as to the credibility of witnesses or the weight of their testimony. Id. However, review of a post-conviction court's application of the law to the facts of the case is *de novo*, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed *de novo*, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

-3-

functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In the context of a guilty plea, the petitioner must show a reasonable probability that were it not for the deficiencies in counsel's representation, he would not have pled guilty but would instead have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); House v. State, 44 S.W.3d 508, 516 (Tenn. 2001).

Before a guilty plea may be accepted, there must be an affirmative showing in the trial court that it was voluntarily and knowingly entered. Boykin v. Alabama, 395 U.S. 238, 242 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). This requires a showing that the defendant was made aware of the significant consequences of the plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing Mackey, 533 S.W.2d at 340). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904.

Because the plea must represent a voluntary and intelligent choice among the alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

In support of his argument that his guilty pleas were involuntary and unknowing due

-4-

to counsel's failure to communicate the consequences of the pleas to him, the petitioner cites, among other things, his unfamiliarity with the adult criminal system, the fact that he finished high school but did not graduate due to his "scores," and his evidentiary hearing testimony that his trial counsel never discussed with him the possibility that he would win at trial.

The record, however, fully supports the post-conviction court's findings that the petitioner received effective assistance of counsel and entered his guilty pleas knowingly and voluntarily. Trial counsel testified that he discussed the evidence against the petitioner and his chances at trial and explained the plea agreement to him. The transcript of the guilty plea hearing reveals that the petitioner was fully informed of his constitutional rights, including those that he was waiving by pleading guilty, the offenses with which he was charged, and the possible punishments he faced if convicted at trial. The transcript also reveals that the petitioner affirmed that trial counsel had informed him that the credibility of the State's witnesses would be a key issue if he went to trial and that if the jury did not believe them, there was "a good chance" that the petitioner would not be convicted or would be convicted of a lesser offense. If, however, the jury believed the witnesses' accounts, their testimony would be sufficient for the jury to convict him of the indicted offenses. During that voir dire, the petitioner also affirmed that he was satisfied with counsel's representation and that it was his decision to plead guilty. We conclude, therefore, that the evidence does not preponderate against the post-conviction court's findings that the petitioner received effective assistance of counsel and that his guilty pleas were knowingly and voluntarily entered.

## CONCLUSION

Based on our review, we conclude that the petitioner has failed to meet his burden of showing that he received ineffective assistance of counsel or that his guilty pleas were unknowing and involuntary. Accordingly, we affirm the dismissal of the petition for post conviction relief.

_____
ALAN E. GLENN, JUDGE